*E-FILED - 2/13/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN RAY BREEDLOVE, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> BEN CURRY, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | No. C 09-0342 RMW (PR) <br><br> ORDER TO SHOW CAUSE |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2006 decision by the California Board of Parole Hearings ("Board") in finding him unsuitable for parole. Petitioner has paid the filing fee. The court orders respondent to show cause why a writ of habeas corpus should not be granted.

**BACKGROUND**

According to the petition, in 1986, petitioner pleaded guilty to and was convicted in Fresno Superior Court of second degree murder. The trial court sentenced petitioner to a term of fifteen years to life in state prison. Petitioner filed a state habeas petition in superior court challenging the denial of his parole. The superior court denied petitioner's petition on May 25, 2007. The California Court of Appeal also denied his petition on August 23, 2007. The California Supreme court denied his petition on February 20, 2008. Petitioner thereafter filed the instant petition on January 26, 2009.

Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.09\Breedlove342osc.wpd          1

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claims**

As grounds for federal habeas relief petitioner claims that there was insufficient evidence to find petitioner unsuitable for parole. Liberally construed, petitioner's allegation is sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

**CONCLUSION**

1. The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an

1 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
2 2254 Cases within **ninety days** of the date this order is filed.  If respondent files such a motion,
3 petitioner shall file with the court and serve on respondent an opposition or statement of non-
4 opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with the
5 court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

6       4. It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that
7 all communications with the court must be served on respondent by mailing a true copy of the
8 document to respondent's counsel.  Petitioner must keep the court and all parties informed of any
9 change of address by filing a separate paper captioned "Notice of Change of Address."  He must
10 comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal
11 of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12     IT IS SO ORDERED.
13 DATED: __2/12/09__      *Ronald M. Whyte*
14                                           RONALD M. WHYTE
                                          United States District Judge