***E-FILED - 9/30/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CALVIN RAY BREEDLOVE, | ) | No. C 09-0342 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| vs. | ) ) | |
| BEN CURRY, Warden, | ) ) | |
| Respondent. | ) ) | (Docket No. 4) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2006 decision by the California Board of Parole Hearings ("Board") in finding him unsuitable for parole. The court ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent filed a motion to dismiss the petition. Petitioner filed an opposition and respondent filed a reply. Based upon the papers submitted, the court concludes that the petition is untimely and will DISMISS the instant petition pursuant to 28 U.S.C. § 2244(d)(1).

**BACKGROUND**

In 1986, petitioner was sentenced to a term of fifteen years-to-life in state prison after he pleaded guilty to and was convicted in Fresno Superior Court of second degree murder. Petitioner filed a state habeas petition in superior court challenging the denial of his parole. The

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.09\Breedlove342mtd.wpd

superior court denied petitioner's petition on May 25, 2007. The California Court of Appeal also denied his petition on August 23, 2007. The California Supreme Court denied his petition on February 20, 2008. Petitioner thereafter filed the instant petition on January 26, 2009.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). AEDPA's one-year limitation period applies to all habeas petitions filed by state prisoners, even if the petition challenges a decision by an administrative board such as a parole board. Shelby v. Bartlett, 391 F.3d 1061, 1062-63 (9th Cir. 2004).

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Where, as here, the petition challenges an administrative action by a parole board, 28 U.S.C. § 2244(d)(1)(D) applies, and the limitations period begins to run on the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Shelby, 391 F.3d at 1066. A petitioner challenging an administrative proceeding learns of his claims on the day that his administrative appeal is denied. Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003). The statute of limitations begins to run the next day. Id.

Here, petitioner could have learned of his claims on December 15, 2006, the date the Board's decision denying petitioner parole was final. (Resp't's Mot. to Dismiss, Ex. 1 at 71.) The statute of limitations would have started to run on December 16, 2006, the day after the final decision. See 28 U.S.C. § 2244(d)(1)(D); Redd, 343 F.3d at 1084. Petitioner's federal habeas

petition was due on December 16, 2007, but petitioner filed his petition on January 26, 2009. Thus, absent tolling, the instant petition is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). For example, the statute remains tolled for state prisoners during the intervals between the issuance of a decision in a state collateral proceeding and the filing of a petition seeking the next highest level of state collateral review. See Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999). As applied to California's post-conviction procedure, the Supreme Court held that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge. Carey v. Saffold, 536 U.S. 214, 220, 223 (2002).

Here, petitioner filed a superior court petition on April 19, 2007, 126 days after the Board's final decision. (Resp't's Mot. to Dismiss, Ex. 1 at 1, 71.) The statute of limitations was tolled until February 20, 2008, when California Supreme Court denied petitioner's petition for review. (Pet. for Writ of Hab. Corpus at 5.) See 28 U.S.C. § 2244(d)(2); Carey, 536 U.S. at 220, 223. Petitioner filed his federal habeas petition on January 26, 2009, 342 days after the California Supreme Court's decision. (Id. at 1.) Thus, 468 (126 + 342) days had elapsed between the date that petitioner first learned of his claims and the date that petitioner filed his federal petition. This exceeds the statute of limitations by 103 days.

Because statutory tolling does not render the petition timely, the court must decide whether equitable tolling saves the petition. The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005), but Ninth Circuit authority holds that the one-year limitation period may be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a

1 prisoner's control make it impossible to file a petition on time." Id. (citation and internal
2 quotation marks omitted).

3       The Ninth Circuit has held that the petitioner bears the burden of showing that this
4 "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.
5 2002). The petitioner must establish two elements in order to be granted equitable tolling:
6 "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance
7 stood in his way." Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace, 544
8 U.S. at 419). That is, the prisoner must show that "the 'extraordinary circumstances' were the
9 cause of his untimeliness," and that he used reasonable diligence in pursuing the matter after the
10 extraordinary circumstances had begun. Spitsyn v. Moore, 345 F.3d 796, 799, 802 (9th Cir.
11 2003) (citations omitted). Failure to do so breaks the chain of causation. Id. Where a prisoner
12 fails to show "any causal connection" between the grounds upon which he asserts a right to
13 equitable tolling and his inability to timely file a federal habeas application, the equitable tolling
14 claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

15       Petitioner concedes that "the calendar would suggest that the petitioner's writ of habeas
16 corpus was [u]ntimely as the [r]espondent stated." (Pet.'s Opp. at 2.) However, he asserts that he
17 had to file his federal habeas petition and all subsequent pleadings without an attorney's
18 assistance. ( Id.) Further, he contends that he is entitled to equitable tolling because law library
19 closures, first-watch status, staff shortages, fog counts, staff meetings, code-one alarms,
20 maintenance, and lockdowns, many of which entail a total restriction of inmate movement,
21 prevented him from accessing the law library for research. (Id.) He also alleges that given these
22 events, filing the petition 103 days after the statute of limitations had expired is reasonable. (Id.
23 at 3.)

24       To the extent petitioner asserts that he is entitled to tolling based on his pro se status, the
25 court notes a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary
26 circumstance warranting equitable tolling. See Raspberry, 448 F.3d at 1154. Further, although
27 petitioner provided a list of events that may have prevented him from accessing the law library,
28 he fails to show that these events rise to the level of extraordinary circumstances: he does not

allege the dates or duration that he was unable to access the library; he does not allege that limited library access prevented him from filing a timely federal petition; nor does he explain why 103 days is a reasonable delay.  See Miranda, 292 F.3d 1063 (petitioner has the burden of showing that extraordinary circumstances prevented him from filing a timely petition); see also Lott v. Miller, 304 F.3d 918, 924 (9th Cir. 2002) (denying petitioner access to his legal files for eighty-two days is an extraordinary circumstance warranting equitable tolling).  Moreover, even assuming his difficulties in accessing the law library rise to the level of extraordinary circumstances, petitioner does not show that he used reasonable diligence in filing the instant petition nor does he demonstrate a sufficient causal connection between those difficulties and his failure to file a timely petition.  See Spitsyn, 345 F.3d at 799, 802.  Accordingly, petitioner is not entitled to equitable tolling.

Under all of the circumstances, the court concludes that petitioner has not established facts demonstrating he is entitled to statutory or equitable tolling.  Accordingly, the instant petition is barred as untimely under 28 U.S.C. § 2244(d)(1).

## CONCLUSION

Respondent's motion to dismiss the petition as untimely (docket no. 4) is GRANTED.  The instant petition is DISMISSED pursuant to 28 U.S.C. § 2244(d)(1).  The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED:  9/29/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge